HEIRS OF HARRY A. McCORMICK, ETC., Plaintiffs and Appellants, *v.* JOSÉ CARRIÓN, Defendant and Appellee.

No. 4874. Argued January 21, 1930.—Decided March 27, 1931.

*Heriberto Torres Solá* for appellants. *F. Gallardo Díaz* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Harry A. McCormick died testate in San Juan on October 17th, 1927. The will bore date of April 12th, 1927. The testator named certain of his near relatives as his heirs; he recognized the usufruct of his wife, made various legacies and named certain persons as his executors, who qualified as such. The sixteenth clause of his will provided as follows:

"My executors may agree upon and pay other persons the costs and disbursements they find necessary in the administration and custody of the property and they shall have the exclusive representation of the estate in whatever suits of any kind may be begun against the same, with ample authority to defend them, to make compromises or in necessary cases to obtain the services of attorneys, and they shall proceed in a similar way when a suit is begun by the estate."

Among the properties left was a farm in Yabucoa of sixty acres. Alleging a disturbance of that property by José Carrión, the executors began a suit against him. The suit was entitled Heirs of Harry A. McCormick, represented by his executors (naming them). The complaint besides alleging some of the foregoing facts set up that the executors had been in the undisturbed physical possession of the said farm until the 26th of March when the defendant violently entered, etc. The complaint also alleged that Harry A. McCormick was in possession of said farm until the time of his death and

that then the custody and administration of his properties passed to his executors. There was an answer setting up various defenses and the District Court of Humacao rendered judgment for the defendant. Hence this appeal.

The District Court of Humacao held, following a special defense, that the plaintiff (*sic*) had no capacity (*personalidad*) to sue. The theory was that as a number of voluntary heirs were named in the will, they alone had the capacity to sue; that although the testator had named executors with special powers, he had also named heirs, and that he could not defeat the rights of the latter. The case of *Domínguez* v. *Heirs of Nadal*, 38 P.R.R. 333, was cited, which in turn cited from *Pérez* v. *Zeda*, 35 P.R.R. 303, a case of administration and not of executorship. The court then held that the executors had no capacity to sue.

The appellants, among other things, draw attention to the averment in their complaint that they brought this suit in the interest of the state; that the testator left no forced heirs, but that the heirs are entirely voluntary; that the estate of McCormick was entirely of free disposition; they maintain that the voluntary heirs therefore take subject to the will (*voluntad*) of the testator; that executors are under these conditions agents (*mandatarios*) of the testator, 78 J. C. 26; *Succession of Criado* v. *Martínez*, 25 P.R.R. 308; that the executors are bound in all that is specially regulated. 100 J. C. 391, *Vilella* v. *Registrar*, 36 P.R.R. 714. Then the appellants refer to section 53 of the Code of Civil Procedure, as follows:

"An executor, or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with them the persons for whose benefit the action is prosecuted. A person with whom, or in whose name a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

Under section 369 of California Code of Civil Procedure, the jurisprudence tends to show that the executors may act in

a case like the present one if section 53 is applicable. We think it is, and nothing that we said in *Pérez* v. *Succrs. of M. Pérez & Co.*, 41 P.R.R. 844, militates against its application. We agree with the appellants that the cases of *Domínguez* v. *Heirs of Nadal* and *Pérez* v. *Zeda, supra*, are totally distinct, and we are inclined to agree with some of the other reasonings of appellants, all of which we have not transcribed. No case of such a specific will where the heirs were entirely voluntary was presented. The executors became vested with the possession of the property from the date of the death of the testator.

Furthermore, the complaint set up the actual physical possession of the executors and the evidence, *prima facie* at least, tended to justify this. The voluntary heirs are not in court complaining, but an alleged tortious holder. Whether or not the appellants were entitled to hold possession is another matter, but there can be no doubt that if they had the actual physical possession, as the evidence tends to show, they were entitled, under the Acts of 1913 and 1917 to recover it. The judgment appealed from will be reversed and the case sent back for further proceedings not inconsistent with this opinion.